UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:17-cv-433-RJC-DCK

| FREDDIE A. MOTLEY, | ) |  |
|---|---|---|
|  | ) |  |
| Plaintiff, | ) |  |
|  | ) |  |
| vs. | ) | **ORDER** |
|  | ) |  |
|  | ) |  |
| KINLEY PROPERTIES, et al., | ) |  |
|  | ) |  |
| Defendants. | ) |  |
|  | ) |  |

**THIS MATTER** is before the Court on on initial review of the Amended Complaint, (Doc. No. 4), pursuant to 28 U.S.C. § 1915(e)(2)(B). See (Doc. No. 3) (Order permitting Plaintiff to proceed *in forma pauperis*). For the reasons stated below, the Court finds that the Amended Complaint is insufficient survive initial review, dismisses it without prejudice, and closes this case.

**I.     BACKGROUND**

*Pro se* Plaintiff Freddie A. Motley filed this employment discrimination action on July 24, 2017, pursuant to Title VII of the Civil Rights Act of 1964. In the original Complaint, (Doc. No. 1), Plaintiff named as Defendants his former employer, Kinley Properties of Charlotte, North Carolina, and Kinley employee Darryl Pittman, and addressed the termination of his employment on November 21, 2016. See (Doc. No. 1-2 at 5). On initial review, the Court found the Complaint insufficient to proceed because Plaintiff named as a Defendant Darral Pittman, an individual against whom an employment action cannot proceed, and for failure to seek any relief whatsoever. (Doc. No. 3). The Court granted Plaintiff leave to file an Amended Complaint to cure these deficiencies, and he filed an Amended Complaint on January 25, 2018. (Doc. No. 4). It is now

before the Court on initial review.

**II.     STANDARD OF REVIEW**

When a plaintiff is proceeding *in forma pauperis*, a court must review the complaint to determine whether it is subject to dismissal on the grounds that it is "frivolous or malicious [or] fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2). In its frivolity review, a court must determine whether the complaint raises an indisputably meritless legal theory or is founded upon clearly baseless factual contentions, such as fantastic or delusional scenarios. Neitzke v. Williams, 490 U.S. 319, 327-28 (1989). A *pro se* complaint must be construed liberally. Haines v. Kerner, 404 U.S. 519, 520 (1972). However, the liberal construction requirement will not permit a district court to ignore a clear failure to allege facts in the complaint which set forth a claim that is cognizable under federal law. Weller v. Dep't of Soc. Servs., 901 F.2d 387 (4th Cir. 1990). Further, a valid complaint must contain: (1) a short and plain statement of the grounds for the court's jurisdiction; (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and (3) a demand for relief sought. Fed. R. Civ. P. 8(a).

**III.    DISCUSSION**

Title VII prohibits "an employer . . . [from] discriminat[ing] against any individual with respect to his compensation, terms, conditions or privileges of employment, because of such individual's race, color, religion, sex or national origin . . . ." 42 U.S.C. § 2000e-2(a)(1).

Like his original Complaint, Plaintiff's Amended Complaint names as a Defendant Darral Pittman, an individual against whom a Title VII employment discrimination action cannot proceed. Lissau v. Southern Food Servs., Inc., 159 F.3d 177 (4th Cir. 1998).

With regards to Plaintiff's employer, Kinley Properties, Plaintiff again appears to allege that he was subjected to racially insensitive comments during his employment over the course of

several years. Plaintiff feels he was not paid fairly, was prevented from doing his job, and was fired without warning, all of which he believed to be a result of his race. Like the original Complaint, the Amended Complaint is completely silent on the relief Plaintiff seeks. (Doc. No. 4 at 6) (Section G, entitled "Request for Relief" is blank). Thus he fails to state any intelligible claim for relief.

In light of the sparse and conclusory factual allegations and complete failure to state a claim for relief, the Court finds that the Amended Complaint is insufficient to survive initial review. See, e.g., Covington v. Randolph Hosp., Inc., 147 F.Supp.3d 399 (M.D.N.C. 2015) (granting defendant's motion to dismiss/motion for a more definite statement because, even if the complaint had stated a claim for race discrimination under Title VII, plaintiff's failure to request any relief weighed in favor of dismissing the action). The Amended Complaint is therefore facially insufficient to proceed. Plaintiff is apparently incapable or unwilling to state a facially sufficient claim, so the Amended Complaint will be dismissed without prejudice and this case will be closed.

V. **CONCLUSION**

Plaintiff's Amended Complaint is insufficient to proceed under Section 1915(e), and is dismissed without prejudice, and this case will be closed.

**IT IS, THEREFORE, ORDERED** that:

1. The Amended Complaint, (Doc. No. 4), is **DISMISSED** without prejudice for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2).

2. The Clerk is directed to close the case.

Signed: February 21, 2018

Robert J. Conrad, Jr.
United States District Judge